ROBERTS–BROWN LUMBER CO. v. VICKERY. (No. 5662.)

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1916.)

SALES 221—LIABILITY FOR PRICE—PURCHASE FROM PURCHASER.

Where a lumber company sold and shipped three carloads of lumber to a partnership, which arranged with defendant to receive the three carloads and to satisfy therefrom previous orders of the partnership's customers, defendant to receive the difference between the wholesale or invoice price and the retail price of the lumber for unloading, taking care of, and delivering it, and to remit to the lumber company for the balance, defendant was liable to the lumber company, after performing his contract with the partnership, only for the invoice price of the balance of the lumber, since he took title to the lumber from the partnership, and not from the lumber company.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 604, 605, 607, 608; Dec. Dig. 221.]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

Suit by the Roberts-Brown Lumber Company against W. R. Vickery. From a judgment for plaintiff for $318.13, plaintiff appeals. Judgment affirmed.

A. R. Eidson, of Hamilton, for appellant. H. E. Trippet, of Hico, and J. W. Bleker, Jr., for appellee.

JENKINS, J. The appellant shipped three carloads of lumber from Shreveport, La., to Brown Lumber Company, Richland Springs, Tex. This lumber was turned over to appellee, who delivered a portion thereof to certain parties who claimed to have bought same from the Brown Lumber Company. The determinative issues in this case are issues of fact, viz.: Who sold the lumber to appellee? To whom did it belong when it was delivered to appellee? These issues were found by the court in favor of appellee, as appears from the following findings of fact:

"(1) I find that the Roberts-Brown Lumber Company, a corporation doing a wholesale lumber business, with its principal office at Shreveport, La., about September 16, 1911, sold to the Brown Lumber Company, of Richland Springs, Tex., three cars of lumber, f. o. b. on cars at Shreveport, La., at an agreed price of $1,094.55.

"(2) I find that the Brown Lumber Company, of Richland Springs, Tex., was a firm composed of R. Willbanks, of Walnut Springs, Tex., J. R. Dofflemyre, of San Saba, San Saba couty, Tex., and J. B. Brown, of Pleasant Hill, La.

"(3) I further find that it was the intention of said firm to place R. Willbanks at Richland Springs, as general manager of their yards, and that J. R. Dofflemyre was to be connected with the yard, either in the capacity of a salesman or as a trader, that is, trading lumber for stock, which stock was to be shipped to the other member of the firm J. B. Brown, and by him traded for lumber. Some time subsequent to the shipment of the three cars of lumber above referred to, and before they reached their point of destination, or before they reached Richland Springs, Tex., the said Brown Lumber Company concluded not to open their yards at Richland Springs, and concluded to dispose of the lumber they had in transit.

"(4) R. Willbanks and J. R. Dofflemyre, representing the firm of Brown Lumber Company, made a trade with the defendant W. R. Vickrey on or about the 10th day of October, 1911, whereby they were to divert the above referred to three cars of lumber, which were then at Lometa, Tex., to the defendant W. R. Vickrey, who was then in the lumber business in San Saba, Tex., on the following terms, to wit: That the said W. R. Vickrey was to take the said lumber and unload same in his yards, Brown Lumber Company was to pay the excess freight and whatever demurrage there should be on the lumber, and the said W. R. Vickrey was to deliver for them, the said Brown Lumber Company, $650 worth of this lumber that they represented to him they had already sold to parties living near San Saba, as follows: "To Mat Kuykendall $365 worth of lumber at retail price; to H. G. Galloway $160 worth of lumber at retail price; to Frank Chamberlain, $125 worth of lumber at retail price. Defendant was to deliver this lumber to these parties when called for; the Brown Lumber Company having already traded the lumber to these parties for stock. The defendant was to receive the difference between the wholesale or invoice price and the retail price of the lumber for unloading, taking care of, and delivering said lumber. He was to remit to the mill for the balance of said lumber, less the freight and demurrage.

"(5) I find that, in pursuance of this contract, the defendant W. R. Vickrey took charge of these said cars of lumber when they were delivered to him, unloaded the same, and, in fact, delivered to the above-named parties the $650 worth of said lumber above referred to.

"(6) I further find that after the delivery of the above-described lumber, and after the freight and demurrage charges were taken out, there was still due on the three cars of lumber to the Brown Lumber Company the sum of $318.13, and I find according to the contract made between the defendant Vickrey and R. Willbanks and J. R. Dofflemyre, representing the Brown Lumber Company, this sum was to be paid to the Roberts-Brown Lumber Company; and I find that W. R. Vickrey has never paid that sum.

"(7) I find that the statement that W. R. Vickrey made on October 21, 1911, to the Roberts-Brown Lumber Company, of Shreveport, La., in reference to these three cars of lumber, was made by him at that time for the purpose of notifying said company that the cars were received, the amount of the extra freight due on said cars, the amount of demurrage due on said cars, and that said statement was not made by him for the purpose of changing or altering his contract with the Brown Lumber Company, and that at the time he told them to charge this account he intended to furnish them with memoranda of credit slips for lumber delivered to the said Mat Kuykendall, Frank C. Chamberlin, and H. G. Galloway, as well as expense bills for freight and demurrage.

"(8) I find that W. R. Vickrey mailed either to the Roberts-Brown Lumber Company or to J. B. Brown his check for $318.13, which was the amount due by him to said Roberts-Brown Lumber Company under his contract with the Brown Lumber Company. I find that said check was either lost or misplaced, and has never been cashed, and I further find that W. R. Vickrey is entitled to pay the Roberts-Brown Lumber Company the said sum of $318.13, with interest from January 1, 1912, to the date of this judgment at the rate of 6 per cent.

"(9) I find that all letters and statements from the Roberts-Brown Lumber Company to Vickrey were received by him after he made his contract with the Brown Lumber Company, and I find that the lumber in question was the property of the Brown Lumber Company during all the transactions had between the Brown Lumber Company and W. R. Vickrey, and that the Roberts-Brown Lumber Company had no interest or title in the lumber, as they sold it to the Brown Lumber Company on open account, f. o. b. Shreveport, La., and that when Vickrey wrote Roberts-Brown Lumber Company giving statement and agreeing therein to pay for the lumber he had in mind his trade with Willbanks and Dofflemyre, and did not intend to promise the Roberts-Brown Lumber Company any more than called for by said trade, and that the statement of the lumber contained in the three cars was made as a basis for settling the excess freight and demurrage, as per said contract. As a matter of law, from the foregoing facts I find that defendant Vickrey owes the plaintiff $318.13, with interest thereon from January 1, 1912, at the rate of 6 per cent. per annum, and renders and enters judgment accordingly."

The evidence is sufficient to sustain the findings of the court. These findings of fact are sufficient to sustain the judgment, for which reasons the judgment of the trial court is affirmed.

Affirmed.